**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO GARCIA, | ) | CASE NO. 1:18-cv-00944 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| LORAIN COUNTY COURT OF | ) | |
| COMMON PLEAS, *et al.*, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

On August 10, 2018, the parties to this action consented to the jurisdiction of the undersigned Magistrate Judge. Currently pending before the court is Defendants' Motion for Judgment on the Pleadings. (R. 18). Plaintiff Hugo Garcia (hereafter "Plaintiff") has not filed a brief in opposition. For the reasons set forth below, the Motion for Judgment on the Pleadings (R. 18) is hereby GRANTED.

### I. Factual Allegations of the Complaint

Plaintiff's Complaint contains three counts, alleging: (1) a violation of 42 U.S.C. § 1983 ("§ 1983) for imposing a sentence that constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution; (2) a violation of § 1983 for depriving Plaintiff of due process under the Fourteenth Amendment to the United States Constitution; and, (3) false imprisonment. (R. 1). The Complaint named the following Defendants: the Lorain County Court of Common Pleas; Lorain County Common Pleas Judge John R. Miraldi; Lorain

County Prosecutor Dennis Will; the Court of Appeals for the Ninth Judicial District of Ohio; the Pickaway Correctional Institution ("PCI"); the Ohio Department of Rehabilitation and Corrections ("ODRC"); Gary C. Mohr, Director of the ODRC; and, Charles Bradley, Warden of PCI. *Id*. All defendants except the following were previously dismissed from this action: PCI, ODRC, the Director of the ODRC and the Warden of PCI, as set forth *infra* in the procedural history.

The court hereby incorporates Defendants' summary of the factual allegations in the Complaint, which accurately reflect the Complaint's allegations and remain unchallenged by Plaintiff.

> Plaintiff's complaint involves Plaintiff's incarceration with the Ohio Department of Rehabilitation and Correction. According to Plaintiff, he was incarcerated at the Pickaway Correctional Institution from June 17, 2014 until November 29, 2017. (Doc. 1, Comp; PageId# 2, ¶ 3.) Per Plaintiff, under R.C. 1.58(B), Defendants held him "165 days longer than they were authorized by law." (Doc. 1, Comp; PageId# 2, ¶ 1.) He then states "[a]ll of the actions of the Correction Center or person employed by the Correction Center alleged in this complaint were taken at the direction or the authority of Warden Bradley." (Doc. 1, Comp; PageId# 3, ¶ 5.) Plaintiff then alleges all Defendants "were responsible [for] employing, carrying out, and monitoring" the "practices and procedures… obeying the lawful orders of the courts relating to the incarceration of persons in custody[.]" (Doc. 1, Comp; PageId# 3, ¶ 6.)
>
> According to Plaintiff's complaint, he was "indicted" by the Lorain [County] Grand Jury for possession and trafficking in drugs in violation of R.C. 2925.03(A)(2) and 2925.11(A). (Doc. 1, Comp; PageId# 3-4, ¶ 7.) On March 7, 2011, Plaintiff pled guilty to the amended indictment, which included funding of marijuana trafficking and possession in violation of R.C. 2925.05 and 2925.11(A). (Doc. 1, Comp; PageId# 4, ¶ 8.) On the plea sheet, Plaintiff admits there was "an agreed upon prison term of 4 years mandatory[,]" which he admittedly signed. (Id.) After his guilty plea, but before his sentencing, Plaintiff "suffered injuries" in Texas that were severe enough to require medical treatment, and his sentencing was delayed for three (3) years. (Doc. 1, Comp; PageId# 4, ¶ 9.) On October 8, 2013, Plaintiff moved to vacate his plea agreement. (*Id*.) Plaintiff was returned to Ohio and sentenced to a "mandatory 4 years[.]" (*Id*.) In denying Plaintiff's motion to vacate his sentence, the trial court noted the "sentence was agreed upon by and between the Defendant and the State of Ohio."

> (*Id.*)
>
> Plaintiff notes that at his sentencing hearing on June 9, 2014, House Bill 86 "had long since been implemented." (Doc.1, Comp; PageId# 4, ¶10.) Under newly amended 2929.14(A)(3)(b), Plaintiff's maximum penalty was thirty-six (36) months, not four (4) years. (Doc. 1, Comp; PageId# 5, ¶10.) Plaintiff appealed his sentence, and the Lorain County Prosecutor conceded error. (Doc. 1, Comp., PageId# 5, ¶11.) Plaintiff alleges his certificate of incarceration incorrectly states his prison sentence is "3 years." (*Id.* at ¶12.) However, Plaintiff admits that his Judgment Entry "clearly shows his sentence as 4 years." (*Id.*)
>
> In Count I, Plaintiff alleges that Defendants "intentionally imprisoned [him] longer than the maximum sentence that could be lawfully imposed[,]" which constituted "Cruel and Unusual Punishment." (Doc. 1, Comp; PageId 5-6, ¶¶ 13-21.) According to Plaintiff, he "suffered wrongful imprisonment for 165 days." (*Id.* at ¶ 20.) In Count II, Plaintiff argues that Defendant denied him of due process by "intentionally imprison[ing] [him] longer than the sentences lawfully imposed." (*Id.* at ¶¶22-25.) Plaintiff also alleges Defendants deprived him of due process "by authorizing and operating a state process that deprived [him] of liberty without constitutionally adequate safeguards to protect against unauthorized incarceration" that caused him to suffer "imprisonment for 165 days longer than the sentence lawfully imposed." (*Id.* at ¶¶27.-28) In Count III, Plaintiff brings a state law false imprisonment claim stating "Defendants directly restrained the physical liberty of [him] without legal justification" that caused him to suffer "unlawful imprisonment for 165 days." (Doc. 1, Comp; PageId# 7-8, ¶¶ 30-32.) In his "Request for Relief," Plaintiff demands a "declaration" that Defendants violated his Eighth / Fourteenth Amendment rights and the tort of false imprisonment under Ohio law. (Doc. 1, Relief, ¶¶ A-B.) He also seeks compensatory and punitive damages, plus attorney fees. (*Id.* at ¶¶ C-D.)

(R. 18, PageID# 148-150).

## II. Procedural History

On April 26, 2018, prior to the consent of the parties to the Magistrate Judge's jurisdiction, the court issued an order indicating that "[t]he Complaint on its face appears to be frivolous and make[s] claims against Lorain County judges and prosecutors who have absolute immunity. Thus, the Court directs Plaintiff to SHOW CAUSE within 14 days of the entry of this Order why the Court should not dismiss his Complaint on its face." (R. 4). On April 30, 2018, Plaintiff filed a motion seeking to dismiss the following Defendants only: the Lorain County

3

Court of Common Pleas; Lorain County Common Pleas Judge John R. Miraldi; Lorain County Prosecutor Dennis Will; and, the Court of Appeals for the Ninth Judicial District of Ohio. (R. 5). The court granted Plaintiff's motion to dismiss the aforementioned Defendants, but indicated that "Plaintiff must still respond to the Show Cause Order with respect to remaining defendants." (R. 6). On May 24, 2018, Plaintiff filed his response to the Show Cause Order. (R. 8). On May 25, 2018, the court "reviewed Plaintiff's Supplemental Response to the Court's Show Cause Order," and found it sufficient.

On July 13, 2018, the State of Ohio, Warden Bradley, Director Mohr, and the ODRC (hereinafter "Defendants") filed their Answer to the Complaint. (R. 9). On September 26, 2018, Defendants filed the aforementioned Motion for Judgment on the Pleadings (R. 18) to which Plaintiff has not responded.

### III. Law and Analysis

#### A. Fed. R. Civ P. 12(c) Standard

The Sixth Circuit Court of Appeals has observed that "[a] Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006) (citations omitted). The principles governing review of a Fed. R. Civ. P. 12(b)(6) motion to dismiss are well-settled. The Sixth Circuit recently reiterated the familiar standards, stating,

> [T]he court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich* [*v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)] (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard
"asks for more than a sheer possibility that a defendant has acted unlawfully" but
is "not akin to a probability requirement." *Id.* (internal citations omitted).
Determining whether a complaint states a plausible claim for relief is a "context-
specific task that requires the reviewing court to draw on its judicial experience
and common sense." *Id.* at 679, 129 S.Ct. 1937.

*Berrylane Trading, Inc. v. Transportation Ins. Co.*, No. 18-3144, 2018 WL 5778298, at *2 (6th

Cir. Nov. 2, 2018); *see also Carmichael v. City of Cleveland*, 881 F. Supp. 2d 833, 840 (N.D.

Ohio 2012) ("The Sixth Circuit has applied the now familiar pleading requirements in *Twombly*

and *Iqbal* to both Rule 12(b)(6) and Rule 12(c) motions, and held that plaintiffs must plead ...

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged.") (internal quotation marks omitted).

**B. Eleventh Amendment Immunity**

   **1. ODRC and PCI**

Defendants argue that all three causes of action are essentially actions against the State of

Ohio, which enjoys Eleventh Amendment Immunity, and that all Defendants partake of that

immunity as arms of the State. (R. 18, PageID# 153-159).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to
> any suit in law or equity, commenced or prosecuted against one of the
> United States by Citizens of another State, or by Citizens of Subjects of any
> Foreign State.

U.S. Const. amend. XI. Eleventh Amendment immunity "bars all suits, whether
for injunctive, declaratory or monetary relief, against the state and its
departments, by citizens of another state, foreigners or its own citizens." *Thiokol
Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations
omitted).

*McCormick v. Miami Univ.*, 693 F.3d 654, 661-662 (6th Cir. 2012) (finding that a public state

university qualified as an arm of the state and was immune from a § 1983 action, as were university employees sued in their official capacities for monetary damages).

It is clear that PCI and ODRC qualify as arms of the State of Ohio. "Because the ODRC is an arm of the State of Ohio, any action for damages asserted against it is barred by the Eleventh Amendment." *Guillory v. James*, 2007 U.S. Dist. LEXIS 9582, *8 (N.D. Ohio Feb. 8, 2007) (Katz, J); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment .…); *Foulks v. Ohio Dep't of Rehab. & Correction*, 713 F.2d 1229, 1234 (6th Cir. 1983) (even dissenting opinion agreed with the majority's conclusion "that the Ohio Department of Rehabilitation and Correction, Adult Parole Authority (APA) cannot be sued for money damages because of the Eleventh Amendment."); *Weaver v. Ohio Dep't of Rehab. & Corr.*, 2017 U.S. Dist. LEXIS 55953, *3 (N.D. Ohio Apr. 12, 2017) (Oliver, J) ("ODRC is an arm of the state and may not be sued for damages under §1983."); *Jones v. Swank*, No. 2:11-CV-797, 2012 WL 4107981, at *8 (S.D. Ohio Sept. 19, 2012) ("The ODRC is an arm of the State of Ohio and is immune from suit in a federal court under the Eleventh Amendment.")

State prisons, such as PCI, are also considered arms-of-the-State for Eleventh Amendment immunity purposes. *See, e.g., Tillman v. Woodall*, No. 3:13-CV-0762, 2013 WL 4049977, at *4 (M.D. Tenn. Aug. 9, 2013) (noting that "a state prison…is also an arm of the state."); *Cainion v. Valdosta State Prison*, No. 7:15-CV-174, 2017 WL 1632875, at *3 (M.D. Ga. Apr. 28, 2017) ("[A] a state prison is considered an arm of the state and is also therefore entitled to Eleventh Amendment immunity."); *Holmes v. Dreesen*, No. 2:13-CV-01166-GMN, 2014 WL 2123364, at *2 (D. Nev. May 21, 2014) ("A state's Department of Corrections is an arm of the state, and therefore prison institutions within the Department of Corrections cannot be sued in a §

1983 action for damages.")

Therefore, Defendants ODRC and PCI are both immune from this suit.

**2. Director Mohr and Warden Bradley**

The law is also clear that Director Mohr and Warden Bradley partake of the State's Eleventh Amendment immunity to the extent they are sued in their official capacities. *See, e.g., Tweed v. Wilkinson*, 145 F.3d 1333 (6th Cir. 1998) (Plaintiff's claims for money damages against the defendant state prison officials simply are not cognizable under § 1983). As explained by the Sixth Circuit Court of Appeals:

> The Supreme Court's recent decision in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (state officials sued in official capacity for damages are absolutely immune from liability under the Eleventh Amendment), however, makes it unnecessary for us to reach the merits of plaintiffs' claim. We adopt the Eighth Circuit's interpretation of *Will*, which requires that plaintiffs seeking damages under § 1983 set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *See Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989).

*Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989); *see also Jones*, 2012 U.S. Dist. LEXIS 133653 at *22 (finding that "[c]laims seeking monetary damages against [ODRC Director] Mohr in his official capacity are likewise claims against the State of Ohio and are defeated by Eleventh Amendment immunity.") In other words, the Eleventh Amendment bars suit in federal court where the action is "'in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest,' which invariably will be the case when the claimant sues a state employee in his official capacity." *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006) (citations omitted).

Furthermore, where a plaintiff does not specify the capacity in which he sued the individual defendants, "it must be assumed that these defendants were sued in their official

capacity as state employees." *Tweed*, 145 F.3d 1333 (*citing Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989)). The Sixth Circuit has explained, in *Moore v. City of Harriman*, that "when a § 1983 plaintiff fails to affirmatively plead capacity in the complaint," a court must "look to the course of proceedings to determine whether" there is adequate notice of individual capacity claims. 272 F.3d 769, 773 (6th Cir. 2001), *cert. denied sub. nom McBroom v. Moore*, 536 U.S. 922 (2002); *see also Sherwood v. Schofield*, No. 2:12-CV-50, 2013 WL 3943542, at *3 (E.D. Tenn. July 30, 2013) ("Because nothing in the complaint suggests that defendants would be held personally liable for the alleged constitutional wrongs, the Court will assume that they are being sued in their official capacities."). Here there is simply nothing in the course of proceedings indicating that Plaintiff intended to sue Director Mohr or Warden Bradley in their individual capacities.

Rather, the Complaint states that Director Mohr "is the Director of the ODRC" and "[i]n that capacity" is "in charge of the ODRC" and is "responsible for its day-to-day operations." (R. 1, ¶4). Similarly, it states Warden Bradley is the warden of PCI and "[i]n that capacity" is "in charge" of the prison where Plaintiff was confined and had "custody and control of all persons confined there, and is responsible for day-to-day operations of the facility." *Id*. at ¶5. As stated, *infra*, the Complaint is bereft of any specific conduct against either Mohr or Bradley aside from the general statements that they were in charge of their organization or institution. Therefore, nothing in the course of proceedings of this matter would lead the Defendants or the court to surmise that the Complaint seeks to hold Defendants Mohr or Bradley accountable individually for their personal actions.

Finally, with respect to the § 1983 claims, the United States Supreme Court has expressly stated that "[w]e hold that neither a State nor its officials acting in their official capacities are

8

'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's causes of action, including the § 1983 claims, against the remaining Defendants are all barred by the State of Ohio's Eleventh Amendment immunity.

**C. Existence of Individual Capacity Claims**

Even if the court were to construe the Complaint as alleging a cause of action against Director Mohr and Warden Bradley individually as opposed to their official capacities, which the court does not, the Complaint would still be subject to dismissal. In *Salehpour v. Univ. of Tennessee*, the Sixth Circuit found "Plaintiff had to prove that [the named supervisor defendants] did more than play a passive role in the alleged [§ 1983] violation or showed mere tacit approval of the events." 159 F.3d 199, 206-207 (6th Cir. 1998); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Thomas v. Novicky*, No. 4:13CV1469, 2014 WL 6896576, at *6 (N.D. Ohio Dec. 8, 2014) (Lioi, J) (finding that "[w]ithout factual allegations that would reasonably suggest that the other named defendants participated in the assault, plaintiff fails to state a claim upon which relief may be granted against them") (*citing Ky. v. Graham*, 473 U.S. 159, 166 (1985) (In order to hold individual defendants liable in their individual capacities under § 1983, the plaintiff must show that they were personally involved in the alleged constitutional deprivations)).

The Complaint is bereft of any specific allegations against Defendants Mohr or Bradley, beyond the assertion that the former was in charge of the ODRC and the latter of the prison where Garcia was housed. Moreover, reading the Complaint as a whole, Plaintiff generally alleges that the state courts erroneously denied his motions and appeals seeking a shorter sentence than agreed upon, due to an intervening change in the law. Thus, even giving the

Complaint the most generous reading, the most that appears to be alleged against Defendants Mohr and Bradley is that they complied with the orders of the Ohio courts and did not unilaterally release Plaintiff based of their own reading of the law. This hardly alleges personal conduct capable of sustaining a § 1983 action, and falls very much into the category of official conduct.

The Complaint fails to allege any personal conduct by the named State officials giving rise to the alleged § 1983 violation. Thus, the Complaint, as articulated, fails to state a claim against Defendants Mohr and Bradley in their individual capacity.

### IV. Conclusion

After fully considering Plaintiff's Complaint, the parties' filings pertaining to Defendants' Motions for Judgment on the Pleadings (R. 18), and the pertinent law, the court hereby GRANTS Defendants' Motions for Judgment on the Pleadings and Plaintiff's Complaint is hereby dismissed.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: April 19, 2019